USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/11/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
Shelby Marine Corporation of Panama,
                            Plaintiff,

        -against-

Pegasus Denizcilik A.S.,
                            Defendant.
------------------------------------X

EX PARTE ORDER FOR PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

08 Civ. 6772 (LAP)

LORETTA A. PRESKA, United States District Judge:

WHEREAS, on July 29, 2008, Plaintiff Shelby Marine Corporation of panama filed a Verified Complaint herein for damages amounting to $158,522.59 inclusive of interest, costs, and attorneys' and arbitrators' fees, and praying for the issuance of an ex parte order for Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedures; and

WHEREAS the attorney for Plaintiff has filed a Supporting Affidavit describing the efforts made by and on behalf of the Plaintiff to find and serve the Defendant within the District; and

WHEREAS the Court has reviewed the Verified Complaint and the Supporting Affidavit, and the conditions set forth in the Supplemental Admiralty Rule B appear to exist; and

WHEREAS the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of the Defendant's property within the Southern District of New York; it is hereby

ORDERED that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by, or being held for the Defendant by any garnishees within this District, pursuant to Supplemental Admiralty Rule B, and it is further

ORDERED that any person claiming interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to an adversary hearing within three court days, subject to this Court's modification; and it is further

ORDERED that supplemental process enforcing this Court's order may be issued by the Clerk upon application within 30 days without further order of the Court; and it is further

ORDERED that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be accomplished by email, facsimile transmission, or other verifiable electronic means, provided that such supplemental service accords with the garnishee's written rules or policies regarding service, if any.

Such supplemental service shall be deemed to be made within the District if a natural person within the District caused the service to be transmitted to a garnishee having an office within the District; and it is further

ORDERED that service on any garnishee as described above is deemed effective for the length of time and to the extent that the garnishee's written rules or policies so provide; and it is further

ORDERED that a copy of this Order be attached to and served with the Process of Maritime Attachment and Garnishment; and it is further

ORDERED that if any of the Defendant's property is attached, the Plaintiff shall give prompt notice to the Defendant of the attachment. Such notice shall be in writing, and may be given outside of the District by telex, telegram, cable, fax, or other verifiable electronic means; and it is further

ORDERED that counsel for all parties shall appear for a pre-trial conference on September 12, 2008 at 9:00 a.m. and it is further

ORDERED that Barbara Carnevale, Robert Ridenour, Joan Sorrentino, Christina Gargano, or any other partner, associate, paralegal or other associate of Freehill Hogan & Mahar LLP, in addition to the United States Marshal, may serve process of attachment and garnishment issued pursuant to FRCP Supplemental Rule B upon named garnishee(s) as well as any other garnishee(s) who (based on information developed subsequent hereto) may hold assets of, for or on behalf of Defendant.

SO ORDERED

Dated:   New York, New York
         August 8, 2008

_____
LORETTA A. PRESKA, U.S.D.J.

3